UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAX TORRES-MAGGIO,
Plaintiff,

v.

JOSHUA MIGUEL WEST,
KENNDY SMITH-JACKSON,
JONAH SHAMOON,
DESTINY DEXTER,
CABRIA NELSON,
and
SAMAGGIO XANDEN a/k/a KINO PUTIYA,
Defendants.



Case No.: 

COMPLAINT FOR DEFAMATION PER SE, CIVIL CONSPIRACY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, MISUSE OF EMERGENCY SERVICES, FALSE LIGHT INVASION OF PRIVACY, AND PUBLIC DISCLOSURE OF PRIVATE FACTS (DOXING)

JURISDICTION AND VENUE
1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.
2. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred here.

PARTIES
3. Plaintiff, MAX TORRES-MAGGIO, is an individual residing in Hollywood, Broward County, Florida.
4. Defendant JOSHUA MIGUEL WEST is an individual residing at 63 Carriage Ln Apt C, Destrehan, LA 70047, known online as @mrpetty_.
5. Defendant KENNDY SMITH-JACKSON is an individual residing at 123 Preakness Dr, Alpharetta, GA 30022, known online as @topnotchkenn and @onceuponakenn.
6. Defendant JONAH SHAMOON is an individual residing at 6323 W Belmont Ave #2, Chicago, IL 60634, known online as @geminicunt.
7. Defendant DESTINY DEXTER is an individual residing at 15536 Florence Hollow Pl, Sun City Center, FL 33573, known online as @therealdtiny and @doubledtiny.
8. Defendant CABRIA NELSON is an individual residing at 5159 Coloma Ct, Indianapolis, IN 46235, known online as @ca6ria.
9. Defendant SAMAGGIO XANDEN, also known as "Kino Putiya," resides at 20 Livingston Avenue, Unit 1001, New Brunswick, NJ 08901, known online as @Samaggio_X and @kinoputiya.

FACTUAL ALLEGATIONS
10. Beginning in 2024, Defendants engaged in a coordinated campaign of defamation, harassment, and privacy invasions against Plaintiff.
11. Defendants falsely stated that Plaintiff was a drug addict, meth user, pedophile, sexual

predator, and engaged in revenge pornography. These are statements of fact that are defamatory per se under Florida law.

12. Defendants created and disseminated false online content, including fabricated screenshots and impersonation accounts using Plaintiff's name, likeness, and image.

13. These impersonation accounts were used to publish racist statements, violent threats, and fabricated evidence intended to portray Plaintiff in a false and highly offensive light.

14. Defendants further weaponized publicly available court records and personal information, republishing them on Twitter and other platforms with malicious commentary and context designed to harass, intimidate, and endanger Plaintiff.

15. The targeted publication of Plaintiff's personal details, including address and litigation history, constituted doxing intended to incite others to target Plaintiff.

16. Defendants escalated their campaign by submitting false reports to law enforcement and federal agencies, including the FBI, which resulted in agents being dispatched to Plaintiff's home.

17. Plaintiff suffered severe emotional distress, reputational harm, humiliation, and continues to endure threats and harassment as a result of Defendants' coordinated actions.

COUNT I – DEFAMATION PER SE (Against All Defendants)

18. Plaintiff realleges paragraphs 1–17.

19. Defendants published false statements of fact accusing Plaintiff of criminal acts and sexual misconduct.

20. These statements were published to third parties via social media and other online platforms.

21. Such statements constitute defamation per se because they impute criminal conduct and sexual misconduct.

22. Defendants acted with actual malice and reckless disregard for the truth.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and other relief deemed just and proper.

COUNT II – CIVIL CONSPIRACY (Against All Defendants)

23. Plaintiff realleges paragraphs 1–22.

24. Defendants acted in concert and pursuant to a common scheme to defame and harm Plaintiff.

25. Defendants combined their efforts through coordinated online activity to amplify and spread defamatory content.

26. Defendants' agreement and acts caused damages to Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and other relief deemed just and proper.

COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Against All Defendants)

27. Plaintiff realleges paragraphs 1–26.

28. Defendants intentionally or recklessly engaged in extreme and outrageous conduct by fabricating serious criminal allegations, impersonating Plaintiff, and involving federal law enforcement.

29. Such conduct exceeds all bounds tolerated in a civilized society.

30. As a direct and proximate result, Plaintiff suffered severe emotional distress, including anxiety, humiliation, and loss of sleep.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and other relief deemed just and proper.

COUNT IV – MISUSE OF EMERGENCY SERVICES / FALSE REPORTS (Against All Defendants)

31. Plaintiff realleges paragraphs 1–30.

32. Defendants knowingly submitted or encouraged the submission of false reports to law enforcement and federal agencies regarding Plaintiff.

33. Defendants fabricated threats and attributed them to Plaintiff with intent to trigger government action.

34. These false reports caused law enforcement to respond to Plaintiff's home, subjecting him to fear, intimidation, and reputational harm.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and other relief deemed just and proper.

COUNT V – FALSE LIGHT INVASION OF PRIVACY (Against All Defendants)

35. Plaintiff realleges paragraphs 1–34.

36. Defendants, through impersonation accounts and fabricated content, publicized matters placing Plaintiff before the public in a false light.

37. The false light in which Plaintiff was placed would be highly offensive to a reasonable person, as it falsely portrayed Plaintiff as a criminal, racist, sexual predator, and threat to others.

38. Defendants acted with knowledge of or reckless disregard for the falsity of the publicized matter and the false light in which Plaintiff would be placed.

39. As a direct and proximate result, Plaintiff suffered reputational harm, emotional distress, humiliation, and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, costs, and other relief deemed just and proper.

COUNT VI – INVASION OF PRIVACY: PUBLIC DISCLOSURE OF PRIVATE FACTS (DOXING) (Against All Defendants)
40. Plaintiff realleges paragraphs 1–39.
41. Defendants deliberately obtained and republished Plaintiff's personal information and public records, including his address and litigation history, with malicious intent.
42. Defendants posted such information on Twitter and other platforms, coupled with defamatory commentary, to incite harassment, intimidation, and targeting of Plaintiff.
43. The disclosure of these private facts was not of legitimate public concern or newsworthiness and would be highly offensive to a reasonable person.
44. As a direct and proximate result, Plaintiff has suffered harassment, fear for his safety, emotional distress, reputational damage, and other injuries.
WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, injunctive relief, costs, and other relief deemed just and proper.

PRAYER FOR RELIEF
WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, and award:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive damages;
c. Injunctive relief prohibiting Defendants from further defaming, doxing, or impersonating Plaintiff;
d. Costs and such other relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL
Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*  08/28/2025

Max Torres-Maggio
3221 Sabal Palm Manor
Hollywood, FL 33024
Phone: 954-477-2624
Pro Se Plaintiff