# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

**Max Louis Torres-Maggio,**
Plaintiff,

v.

**Samaggio Xanden, et al.**
Case No. 0:25-cv-61734



**PLAINTIFF'S OPPOSITION TO DEFENDANT SAMAGGIO XANDEN'S MOTION TO FILE UNDER SEAL**

**I. INTRODUCTION**
On September 5, 2025, Defendant Samaggio Xanden filed a Motion to File Under Seal regarding Plaintiff's IFP filing and related attachments. The motion is procedurally improper and substantively without merit. It is a transparent attempt to inject untested allegations into this proceeding while shielding them from public scrutiny. The Court should deny the motion in its entirety.

**II. LEGAL STANDARD**
There is a strong presumption in favor of public access to judicial records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). Sealing may be permitted only upon a showing of extraordinary circumstances where disclosure would cause a clearly defined, serious injury. Local Rule 5.4 of the Southern District of Florida further limits sealing to rare circumstances where a compelling justification exists.

**III. ARGUMENT**
1. <u>Procedural Impropriety.</u> Defendant has not yet filed an Answer or other responsive pleading. Seeking to seal filings at this stage is premature and prejudicial to Plaintiff.

2. <u>Defendant's Pattern of Malicious Litigation.</u> Defendant's conduct in this matter is not an isolated occurrence. Defendant is currently the subject of another pending defamation action in the Superior Court of New Jersey, Middlesex County, Case No. MID L-001572-25. In that matter, Defendant has been accused of substantially similar defamatory and retaliatory conduct. This Court may take judicial notice of those proceedings. The existence of multiple defamation actions against Defendant demonstrates that his motion here is not motivated by legitimate safety concerns, but is instead part of a broader pattern of malicious behavior.

3. <u>Lack of Compelling Justification.</u> Defendant's vague references to "safety" and "harassment" are insufficient. The law requires a specific, concrete showing of harm. Defendant offers none.

4. <u>Protective Order Not Adjudicated.</u> Defendant relies upon the existence of a protective order against Plaintiff. However, no hearing has been scheduled on that matter and the allegations remain untested. Reliance on such unadjudicated material is improper and underscores the

retaliatory nature of Defendant's motion.

5. <u>Retaliatory Context.</u> This motion must be viewed against the backdrop of Defendant's broader pattern of retaliation, including fabricated reports to law enforcement and misuse of process. The attempt to seal filings here is part of an effort to prejudice this Court with untested allegations while shielding Defendant's misconduct from public accountability.

6. <u>Public Interest in Transparency.</u> Plaintiff's claims involve coordinated online harassment, defamation, and misuse of emergency services—issues of substantial public concern. Allowing Defendant to seal filings would undermine both judicial integrity and the public's right of access.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Samaggio Xanden's Motion to File Under Seal in its entirety.

Respectfully submitted,

*[signature]*

Max Louis Torres-Maggio
Pro Se Plaintiff