IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
The Honorable Judge Patrick M. Hunt, United States Magistrate Judge
Clerk of Courts
400 North Miami Avenue
Miami, Florida 33128

**Re:** Rule 11 Sanctions Request – Abuse of Judicial Process
**Case Title:** Max Torres-Maggio v. West et al
**Civil Action No.:** 0:2025cv61734

---

Dear Honorable Judge Hunt,

I am writing to respectfully request that this Court issue **sanctions under Rule 11** of the Federal Rules of Civil Procedure against the Plaintiff, **Max Torres-Maggio**, in connection with his filing of the above-captioned case.

This lawsuit represents a **frivolous and retaliatory filing**, made not in pursuit of legitimate relief, but as a continuation of a **pattern of malicious harassment**, which has already resulted in a court-ordered **protective order** barring him from any form of contact with me. Additionally the Plaintiff has filed a fraudulent IFP application.

Despite these clear legal boundaries, Mr. Torres-Maggio has now turned to this Court to:

- Circumvent the protective order through judicial process

- Retaliate against me for seeking protection

- Disseminate defamatory claims under the guise of legal procedure

- Force contact and provoke interaction, knowing it would otherwise be prohibited

- Improperly abuse the IFP process to advance this case

This filing was submitted **in forma pauperis** under 28 U.S.C. § 1915, thereby using public judicial resources to advance a campaign of abuse. It is an affront to the integrity of this Court that the judiciary be used to enable **conduct that borders on contempt**.

Furthermore, Mr. Torres-Maggio's **failure to appear at his protective order hearing on August 21, 2025**, reflects a **disregard and disrespect** for the authority of the courts—yet he now seeks to use the courts when it serves his agenda of continued harassment.

1

## I. Request for Sanctions Based on Fraudulent IFP Application

In addition to the retaliatory and abusive nature of this lawsuit, there is strong reason to believe the Plaintiff has **committed fraud upon the Court** by materially misrepresenting his financial status in his sworn **in forma pauperis (IFP)** application.

While claiming financial indigence and requesting to bypass the standard filing fees under **28 U.S.C. § 1915**, the Plaintiff simultaneously engaged in **non-essential luxury spending**, including publicly documenting his **attendance at a Kali Uchis concert** at the Kaseya Center in Miami on **September 5, 2025 "3 nights in a row" (SEE EVIDENCE SHEET B)**—just days after filing his IFP application. The cost of attending this event, by Plaintiff's own admission and publicly available records, was approximately **$200 per ticket**, which undermines any claim of inability to afford basic court costs. (**SEE ATTACHED EVIDENCE SHEET B**)

Courts have consistently held that IFP status is reserved for those who lack the financial means to initiate or defend a legal action—not for litigants who **prioritize discretionary spending while asking the Court to subsidize their lawsuits.** As one court put it:

> *"An IFP application is not a license for abuse of the judicial process. The privilege of proceeding without payment must be balanced against the requirement that the litigation be conducted in good faith and with full disclosure."* — Denton v. Hernandez, 504 U.S. 25, 27 (1992)

Failure to disclose material financial activity—such as the purchase of concert tickets—is tantamount to **fraud on the court** and, if intentional, may constitute **perjury**, **contempt**, and grounds for **dismissal with prejudice**. See also:

- **Mathis v. New York Life Ins. Co.**, 133 F.3d 546 (7th Cir. 1998) (court may dismiss IFP action for false statements about finances);

- **Rivera v. Baker**, 2018 WL 3655657 (E.D. Cal. Aug. 1, 2018) (purchasing expensive electronics while claiming indigence justified dismissal of IFP status and sanctions);

- **Thomas v. Gen. Motors Acceptance Corp.**, 288 F.3d 305, 306 (7th Cir. 2002) ("A litigant whose poverty is not so extreme that he cannot pay... must pay.")

Given the above, the Plaintiff's IFP application should be **denied as fraudulent**, and this Court should consider imposing **Rule 11 sanctions**, including dismissal of the action with prejudice, as well as any other remedies deemed just and appropriate.



TO REUSE: Mark through all previous shipping labels and barcodes.

ORIGIN ID:LDJA  (212) 300-5062        SHIP DATE: 15SEP25
SAMAGGIO XANDEN                       ACTWGT: 1.00 LB
433 RIVER RD. APT 1313                CAD: 6570564/ROSA2650
HIGHLAND PARK, NJ 08904
UNITED STATES US

TO CLERK OF COURTS
400 NORTH MIAMI AVE
MIAMI FL 33128
(305) 523-6100

REC'D BY _____ D.C.
SEP 16 2025
ANGELA E. NOBLE
DEPT CLERK U.S. DIST. CT. - MIAMI

TRK# 8843 7432 8624
TUE - 16 SEP 8:00A
FIRST OVERNIGHT

X1 MPBA
33128
FL-US

Reusable Envelope
Recycle me.


FedEx First Overnight®
147918LL REV 3/21


FedEx First Overnight®
147918LL REV 3/21

Align bottom of peel-and-stick airbill or pouch here.