UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Max Louis Torres-Maggio,**
Plaintiff,

v.

**Samaggio Xanden,**
Defendant.

Civil Action No. 0:25-cv-61734

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 11 SANCTIONS MOTION

Plaintiff, Max Louis Torres-Maggio ("Plaintiff"), respectfully submits this Opposition to Defendant Samaggio Xanden's ("Defendant") Motion for Rule 11 Sanctions, and states as follows:

**I. INTRODUCTION**
Rule 11 sanctions are an extraordinary remedy, reserved only for clear and egregious abuse of the judicial process. Defendant has not met this high standard. Plaintiff's claims are factually supported, legally well-grounded, and filed in good faith to seek redress for defamation per se, false light, and coordinated harassment campaigns. Defendant's motion is an improper attempt to intimidate Plaintiff and chill legitimate petitioning activity protected by the First Amendment.

**II. LEGAL STANDARD**
Rule 11 requires an objectively unreasonable filing made for an improper purpose, such as harassment or delay. Courts caution against overuse of Rule 11, as sanctions must not be used to suppress legitimate advocacy. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). Where claims are supported by good faith arguments and factual evidence, sanctions are inappropriate.

**III. ARGUMENT**
**A. The Complaint Is Well-Grounded and Not Frivolous**
Defendant mischaracterizes this action as frivolous and retaliatory. In reality, Plaintiff has documented a pattern of coordinated online attacks, defamatory statements, and impersonation accounts traceable to Defendant and his associates. These allegations, supported by evidence, state actionable claims for defamation per se and false light. Filing suit to remedy reputational and personal harm is a legitimate exercise of the right to petition, not harassment.

**B. The Complaint Was Filed Before Plaintiff Had Notice of Any Protective Order**
Defendant argues Plaintiff sought to circumvent a New Jersey Temporary Protective Order (TPO). The timeline refutes this: the federal complaint was filed on August 28, 2025. Plaintiff was not served with the NJ TPO until September 3, 2025. It is legally impossible to "circumvent" an order of which a litigant had no notice. The TPO remains temporary and unadjudicated, scheduled for a final hearing on

October 1, 2025.

### C. Plaintiff's Failure to Appear at the August 21 Hearing Was Due to Lack of Service

Defendant attempts to paint Plaintiff's nonappearance at the August 21, 2025 hearing as contemptuous. In fact, Plaintiff had not been served and had no knowledge of the proceeding. Due process requires notice before any obligation to appear. Defendant's reliance on this point is misleading and improper.

### D. The IFP Application Was Truthful and Not Fraudulent

Defendant accuses Plaintiff of fraud for seeking in forma pauperis status while attending a Kali Uchis concert. This argument fails for multiple reasons:
1. Plaintiff did not purchase the ticket; it was a gift from a friend.
2. Defendant falsely claims Plaintiff attended "three nights in a row." Kali Uchis performed in Miami for only one night, September 5, 2025. Defendant's assertion is demonstrably false.
3. Even if Plaintiff had attended, isolated entertainment expenses or gifts do not negate indigence. Courts recognize that indigence does not require abject poverty or the complete absence of occasional discretionary spending. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).
Plaintiff accurately disclosed his financial condition, and Defendant has offered no credible evidence of material misrepresentation.

### E. The Affidavit of Cabria Nelson Is Improper and Irrelevant

Defendant attaches the affidavit of Cabria Nelson, filled with conclusory, hearsay allegations. Rule 11 focuses on the reasonableness of the filings at issue, not extraneous accusations from third parties. The affidavit does not establish frivolousness, bad faith, or fraud, and should be disregarded for purposes of this motion.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant's Motion for Rule 11 Sanctions in its entirety and grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Max Louis Torres-Maggio*
Max Louis Torres-Maggio
Plaintiff, Pro Se
Dated: September 17, 2025