IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
The Honorable Judge Patrick M. Hunt, United States Magistrate Judge
Clerk of Courts
400 North Miami Avenue
Miami, Florida 33128
**Case Title:** Max Torres-Maggio v. West et al
**Civil Action No.:** 0:2025cv61734

**MAX LOUIS TORRES-MAGGIO**,
Plaintiff,

v.

**SAMAGGIO XANDEN,**
Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

### INTRODUCTION

This action is procedurally and substantively defective and must be dismissed. Plaintiff has filed a vague and conclusory complaint that fails to identify any cognizable legal claim, fails to specify which Defendant engaged in what conduct, and fails to satisfy the most basic requirements of federal pleading standards. The lawsuit appears to be a calculated misuse of the court system—filed without a proper complaint, built on a misused JS-44 Civil Cover Sheet, and a legal document weaponized publicly via blogs before Defendants were ever properly notified. **Posting a lawsuit online is not a substitute for proper service.**

The Court should not entertain a claim that lacks any formal legal redress, states no viable cause of action, and flouts the core procedural safeguards guaranteed by **due process.** Plaintiff's actions—particularly the extrajudicial circulation of unfiled legal documents to third parties online—further demonstrate a pattern of abuse, harassment, and bad-faith litigation conduct. The defects in this case are not curable by amendment, as they stem from the Plaintiff's fundamental failure to understand or respect the rules governing federal civil procedure. Accordingly, dismissal is warranted under Rule 12(b)(6), and further relief may be proper under Rule 11.

1

## I. DUE PROCESS VIOLATIONS: IMPROPER SERVICE AND EXTRAJUDICIAL DISSEMINATION

Plaintiff has brazenly disregarded the most fundamental due process requirement: that a defendant be notified of the claims against them through proper service of process. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Instead, Plaintiff disseminated a legal document identifying Defendants to social media platforms and gossip blogs before any formal service, and before the document was even filed on the public docket. **(See EVIDENCE SHEET A.)**

This document—created and distributed solely by Plaintiff—was used to generate online commentary and harass the Defendants. It was not served, filed, or available on PACER. **As such, it cannot be shielded by litigation privilege and constitutes extrajudicial conduct that is deeply prejudicial and improper.**

This violates Federal Rule of Civil Procedure 4(c), which governs service, and Rule 11(b)(1), which prohibits filings made for improper purposes such as harassment or reputational harm. Plaintiff's behavior evinces bad faith and demonstrates that this case was never intended to be properly litigated, but rather publicized.

Moreover, there is **no demand letter** or **proper statement of claims against individual defendants** — violating **Rule 10(b)**, which requires claims to be set out in numbered paragraphs with clarity. Filing a cover sheet alone does not initiate valid litigation. Any subsequent complaint drafted **after a defendant's legal objections** would indicate **an attempt to retroactively justify a procedurally defective filing**.

---

## II. FAILURE TO INITIATE LAWSUIT UNDER RULES 3 AND 8

Plaintiff filed only a JS-44 Civil Cover Sheet (ECF No. 1-1) without a formal complaint. Rule 3 clearly states: "A civil action is commenced by filing a complaint with the court." A cover sheet alone does not initiate litigation. *See Fed. R. Civ. P. 3.* Furthermore, Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's filing fails to meet even this minimal threshold.

There was no demand letter, no statement of claims, and no identification of legal causes of action or relief sought. Plaintiff has not asserted any enforceable right under federal or state law, and has not identified a legal theory under which Defendants could be held liable.

Without a valid complaint, there is no cognizable case or controversy before the Court. Furthermore, Plaintiff's failure to serve a formal complaint deprives Defendants of meaningful notice of the claims against them, compounding procedural deficiencies.

2

## III. FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)

Even if a complaint was later filed, it is facially deficient and must be dismissed under Rule 12(b)(6). A legally sufficient complaint must:

1. Identify each cause of action (e.g., defamation, IIED);
2. State facts that plausibly support each element of that cause of action;
3. Connect those facts to specific defendants (who did what, and when); and
4. Request specific relief.

Plaintiff's complaint fails on all fronts. It contains only vague grievances and conclusory language. This fails the plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

A complaint that merely offers "labels and conclusions" or "a formulaic recitation of the elements" of a claim must be dismissed. *Twombly*, 550 U.S. at 555.

---

## IV. IMPROPER USE OF THE JS-44 CIVIL COVER SHEET

The Civil Cover Sheet (JS-44) is an administrative form—not a pleading—and cannot substitute for a complaint. It "neither replaces nor supplements the filings or service of pleadings or other papers as required by law." **See JS-44 Instructions.** Plaintiff's use of this form as the sole initiating document reflects gross ignorance of procedural rules and a willful effort to manipulate formality for improper purposes.

---

## V. FAILURE TO IDENTIFY WHO DID WHAT

Plaintiff engages in "group pleading" by failing to specify which Defendant committed which act. The Eleventh Circuit has consistently rejected such shotgun pleadings. See *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).

This deprives Defendants of a fair opportunity to respond and burdens the Court with speculation. The lack of clarity requires dismissal, as it renders the pleading "incomprehensible" and violates Rule 8.

3

## VI. LITIGATION PRIVILEGE DOES NOT APPLY TO UNSERVED DOCUMENTS

Plaintiff's conduct is not protected by litigation privilege. Under *DelMonico v. Traynor*, 116 So. 3d 1205, 1214 (Fla. 2013), litigation privilege only applies when:

1. The communication is made in the course of judicial proceedings;

2. The communication relates to the proceeding; and

3. The speaker is a participant in the litigation.

Here, Plaintiff circulated an unfiled document outside of any formal proceeding. The communication was made not to a court or lawyer, but to online media and social networks. This extrajudicial dissemination occurred before any proper service, before Defendants could even respond, and is entirely outside the scope of protected conduct. It demonstrates willful misuse of judicial process for reputational harm and is not privileged.

---

## VII. CONCLUSION

This is not a case about justice. It is a case about online retaliation, digital vigilantism, and manipulation of federal court processes. Plaintiff failed to serve any complaint, failed to state any legal claim, and used the court's docket as a prop for internet-based harassment, libel and defamation.

Presumptuously and recklessly, Plaintiff disseminated unserved legal documents on social media before Defendants were ever made aware of the lawsuit. When Defendants asked, "Am I being sued?" or "I heard I was sued," Plaintiff responded not with proper service—but through a social media declaration: "You are sued." That is not how justice works **(SEE EVIDENCE SHEET A pg.13).** That is not due process. And that is not how lawsuits are commenced in the United States of America.

**Plaintiff has now filed several oppositions and attempts to litigate against individuals who were never properly brought into this action.** One such instance is Plaintiff's September 12th amendment to his "Motion to Amend Order Directing Service of Process," in which he altered Defendant Samaggio Xanden's address only after obtaining it from the "Motion to Seal" filed by Defendant on September 8th. Additionally, following the submission of Defendant Samaggio Xanden's Motion to Seal on September 8th, Plaintiff, again, disseminated the Defendant's "Motion To Seal" document to third parties for the purpose of inciting targeted harassment against the Defendant **(SEE EVIDENCE SHEET D pg.27, DATED: September 10th 2025).** This procedural farce should not be tolerated by the Court. If allowed to proceed, it would set a dangerous precedent that courts may be used not for adjudicating legal claims—but for launching defamatory and harassive publicity campaigns. Such conduct is not only offensive

to the fundamental protections of the American legal system but also jeopardizes the integrity of any potential subsequent proceedings, including **appellate review.**

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. **Dismiss this action in its entirety** pursuant to **Fed. R. Civ. P. 12(b)(6)** for failure to state a claim;

2. **Strike or dismiss this action** under **Fed. R. Civ. P. 11** for improper, frivolous, and retaliatory use of court process;

3. **Grant any further relief** this Court deems just and proper, including sanctions or referral for abuse of process.

Respectfully submitted,

Samaggio Xanden
433 River Rd. Unit 1313
Highland Park, NJ 08904
samaggio@live.com
212-300-5062
**Dated: September 19, 2025**

