UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-61734-CIV-HUNT

MAX LOUIS TORRES-MAGGIO,

    Plaintiff,

SAMAGGIO XANDEN, et al.,

    Defendants.
_____/

## ORDER

This matter is before this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. ECF No. 3. This matter was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11 and is before this Court upon the Parties' consent. ECF No. 15. Having carefully reviewed Plaintiff's Application, the court file, and applicable law, the undersigned DENIES Plaintiff's in forma pauperis application for the reasons outlined below.

Courts follow a two-step process when determining whether a pro se litigant should be permitted to proceed in forma pauperis: first, a determination must be made whether the litigant qualifies by economic status, 28 U.S.C. § 1915(a)(1);[1] and second, the court must determine whether the cause of action stated in the complaint is "frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

---

[1] Although § 1915(a)(1) uses the phrase "prisoner possesses," the in forma pauperis statute is not limited to prisoner suits. *E.g., Haynes v. Scott*, 116 F.3d 137, 140 (citing *Floyd v. USPS*, 105 F.3d 274, 276 (6th Cir. 1997)); *see also Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals on these grounds are often made by the court on its own accord prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. *See Phillips v. Mashburn*, 746 F.2d 782, 784 (11th Cir. 1984); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984).

As for the initial inquiry, Plaintiff's application indicates he has no income due to recent unemployment, as well as significant monthly expenses. ECF No. 3. The undersigned finds this somewhat questionable, as Plaintiff does not explain how he is able to feed, clothe, and otherwise support himself without *any* source of income.

However, even were the undersigned to conclude that Plaintiff's affidavit establishes the economic criteria to proceed in forma pauperis the IFP motion must still be denied, as Plaintiff's Application on its face does not appear to adequately state a claim upon which relief may be granted.

Specifically, Plaintiff fails to adequately allege that this Court has jurisdiction over the matter. Plaintiff alleges jurisdiction under 28 U.S.C. § 1332. But that statute requires complete diversity between the Parties. "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.". *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff plainly alleges that both he and at least one Defendant reside in Florida. As there is not diversity between the Parties, this Court does not have jurisdiction to hear the case.

Additionally, the undersigned finds it difficult to parse out of Plaintiff's Complaint what laws Defendants are alleged to have violated. Plaintiff generally alleges that Defendants have engaged in an online harassment campaign against Plaintiff. ECF No.

2

1 at 1-2. The Defendants are, as a group, alleged to have engaged in vague harms, including dissemination of false online content, impersonation, and the submission of false reports to law enforcement agencies. Plaintiff then nebulously alleges that Defendants engaged in a number of torts and misdeeds, including defamation, false light invasion of privacy, misuse of emergency services, public disclosure of private facts, intentional infliction of emotional distress, and conspiracy to commit all of the above. ECF No. 1 at 2-3. Other than naming the alleged causes of action, Plaintiff does not identify any specific statutes or laws that underly Plaintiff's Complaint.

As an initial matter, Plaintiff's Complaint fails to meet the most basic requirement, namely, to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Grant v. Wachovia Mortg., FSB*, No. 09-60520-CIV-COHN, 2009 WL 1457038, at *1 (S.D. Fla. May 22, 2009) (quoting *Twombly*, 550 U.S. at 555). Instead, a plaintiff's "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (internal quotation omitted). As written, Plaintiff's vague, conclusory recitations fail to meet that standard.

Additionally, Plaintiff's Complaint fails to comply with both Fed. R. Civ. P. 8(a) and 10(b). Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires a complaint to include

"a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 10(b) provides in relevant part that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* (quoting Fed. R. Civ. Pro. 8, 10).

> Courts have generally identified four types of shotgun pleadings.
>
> The most common type . . . is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.  The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action.  The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland,* 792 F.3d at 1321–23 (footnotes omitted).

Plaintiff's Complaint falls into at least the first and fourth of these categories. Plaintiff merely recites, vaguely, the circumstances underlying the Complaint, and then enumerates a laundry list of alleged violations.  Plaintiff fails to adequately identify with any specificity which Defendants are responsible under any of the multiple Counts and fails to properly identify the particular laws Defendants are alleged to have violated.  This failure is critical to the claims at issue, which may have specific requirements and particular defenses that hinge on who, in particular, did what, and when.

Although "a court must liberally construe the [pro se litigant's] allegations….this duty to construe a pro se litigant's pleadings liberally does not require the Court to act as

4

an attorney for the pro se party or obligate the Court to rewrite a deficient pleading." *Banks v. Fla.*, No. 219CV756FTM38NPM, 2019 WL 7546620, at *2 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, No. 219CV756FTM38NPM, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020).   Due to the foregoing issues, Plaintiff's in forma pauperis application must be denied.

However, the undersigned will provide Plaintiff an opportunity to file an amended complaint.  Plaintiff should reassess his IFP application to ensure that he accurately lists any income from any source, as well as expenses.  He should also specifically ensure that his amended complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.  In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).   "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's factual allegations in his amended complaint must satisfy the requisite pleading standard, should clarify what claim Plaintiff seeks to bring, and should allege what each Defendant did to give rise to a claim against

that Defendant. Moreover, in his amended complaint, Plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Additionally, Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any amended complaint to plausibly state a claim. To the extent possible, all future filings in this case should be typewritten. But to the extent Plaintiff is unable to file typewritten papers, he must ensure that his handwriting is legible.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. The Motion to Proceed In Forma Pauperis, ECF No. 3, is DENIED;
2. All pending motions in this case are accordingly DENIED AS MOOT; and
3. Plaintiff is ordered to file an Amended Complaint and renewed in forma pauperis application within thirty (30) days from the date of this Order. Failure to do so will result in this Court recommending the case be dismissed.

DONE AND ORDERED at Fort Lauderdale, Florida this 6th day of October 2025.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies Furnished to:

Max Torres-Maggio
3221 Sabal Palm
Hollywood, FL 33024
PRO SE